**ALD-018-E**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4143
_____

In re:  DENNIS LEE,
                                                              Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 09-cv-00141)
District Judge:  Honorable Faith Hochberg

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 27, 2010
Before:  SCIRICA, HARDIMAN and VANASKIE, Circuit Judges

(Opinion filed October 28, 1010 )
_____

OPINION
_____

PER CURIAM.

Dennis Lee, proceeding pro se, petitions for a writ of mandamus directing the

District Court to issue a ruling on his motion for dismissal, stay, or summary judgment in

an action filed against him by the Federal Trade Commission ("FTC").  For the reasons

that follow, we will deny the petition.

In January 2009, the FTC filed a complaint against Dutchman Enterprises, LLC,

United Community Services of America, Inc., and Dennis Lee, who is or was the owner

and an officer of these companies.[1] The FTC alleged that the defendants falsely advertised a product called the Hydro Assist Fuel Cell kit, a purported gas-saving device. In May 2009, counsel for Lee and the corporate defendants filed a motion to withdraw as counsel, stating that he could no longer represent the defendants because Lee, who had been a difficult client, had begun sending his own correspondence to the District Court. While this motion was pending, the FTC and the defendants, through counsel, entered into a stipulated preliminary injunction order. In August 2009, the Magistrate Judge granted counsel's motion to withdraw and, although the court required new counsel to enter an appearance, new counsel did not do so.[2]

The Magistrate Judge issued a pretrial scheduling order in October 2009 and the case proceeded to discovery. The FTC and Lee filed motions to compel related to their discovery requests. In June 2010, an amended scheduling order was issued. On August 2, 2010, the Magistrate Judge granted in part and denied in part the parties' motions to compel. In so ruling, the Magistrate Judge noted that a corporation may not appear without legal representation, but that he would consider representations made by Lee on behalf of Dutchman Enterprises. Lee then filed objections to the Magistrate Judge's decision, an appeal of the decision to the District Court, and a motion for dismissal, stay, or summary judgment. Lee maintained that the FTC had illegally obtained discovery

---

[1]It appears that United Community Services of America, Inc. has been dissolved.
[2]According to Lee, he found counsel to represent the corporate defendants, but the Magistrate Judge denied counsel's request that the court unfreeze corporate assets to pay his fee.

2

from the corporate defendants, who lacked counsel, and that Lee had been compelled to represent them and violate his fiduciary duty as a corporate officer. The FTC opposed Lee's objections, appeal, and motions. The District Court has yet to rule on Lee's filings.

On October 13, 2010, the Magistrate Judge granted the FTC's request for a modification of the scheduling order, which now requires the parties to meet and assemble a joint proposed pre-trial order by October 29, 2010, to exchange trial exhibits and submit a proposed pre-trial order by November 5, 2010, and to appear for a pre-trial conference on November 15, 2010. On October 18, 2010, the FTC filed a motion for entry of default against the corporate defendants based on their failure to answer the complaint. This motion is also pending.

Lee then filed the present petition for a writ of mandamus asking us to direct the District Court to issue a ruling on his motion for dismissal, a stay, or summary judgment. Lee asserts that he is unable to prepare for trial without such a ruling. Lee has also filed a supplement to his mandamus petition arguing the merits of the FTC's motion for entry of default.

The writ of mandamus traditionally has been used to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so. In re Patenaude, 210 F.3d 135, 140 (3d Cir. 2000) (citations omitted). "The writ is a drastic remedy that is seldom issued and its use is discouraged." Id. (internal quotation and citation omitted). Mandamus relief should only be granted in response to an act amounting to a judicial usurpation of power. Id. A petitioner must

3

show that he has no other adequate means to attain the desired relief and that the right to a writ is clear and indisputable. Id. at 141.

Mandamus relief is not available here. The District Court has discretion to manage its docket. In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982). "Where a matter is committed to discretion, it cannot be said that a litigant's right to a particular result is 'clear and indisputable.'" Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980). This is clearly not a case involving undue delay tantamount to a failure to exercise jurisdiction. See Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). To the extent Lee asserts that during discovery he was improperly compelled to represent the corporate defendants and to violate his fiduciary duty as a corporate officer, Lee is currently pursuing these arguments in District Court. Lee's arguments addressing the FTC's motion for default also should be addressed to the District Court. Finally, to the extent Lee seeks other relief in his mandamus petition, he has not shown that the extraordinary remedy of a writ of mandamus is warranted.

Accordingly, we will deny the petition for a writ of mandamus.

4